12-1895-cr
United States v. Mendez-Maldonado

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## AMENDED SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11ᵗʰ day of June, two thousand thirteen.

PRESENT:   CHESTER J. STRAUB,
                    REENA RAGGI,
                    CHRISTOPHER F. DRONEY,
                            *Circuit Judges*.

-----------------------------------------------------------------------
UNITED STATES OF AMERICA,
                    *Appellee*,


            v.                                                          No. 12-1895-cr


ISRAEL MENDEZ-MALDONADO,
                    *Defendant-Appellant*.
-----------------------------------------------------------------------

APPEARING FOR APPELLANT:        ANNE M. BURGER, Assistant Federal Public Defender, Rochester, New York.

APPEARING FOR APPELLEE:         STEPHAN BACZYNSKI (Monica J. Richards, *on the brief*), Assistant United States Attorneys, *for* William J. Hochul, Jr., United States Attorney for the Western District of New York, Buffalo, New York.

Appeal from the United States District Court for the Western District of New York (Charles J. Siragusa, *Judge*; Marian W. Payson, *Magistrate Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on May 1, 2012, is AFFIRMED.

Defendant Israel Mendez-Maldonado appeals his conviction for unlawful reentry subsequent to his 2001 removal from the United States after conviction for an aggravated felony. See 8 U.S.C. § 1326(a), (b)(2). Mendez-Maldonado argues that the district court erred in denying his motion to dismiss the indictment on the ground that he failed to satisfy the "fundamentally unfair" prong of a collateral challenge to his underlying deportation. See id. § 1326(d). We review the challenged denial de novo, see United States v. Fernandez-Antonia, 278 F.3d 150, 156 (2d Cir. 2002), assuming the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

To challenge the deportation order underlying an unlawful-reentry charge, an alien must demonstrate that:

> (1) the alien exhausted any administrative remedies that may have been available to seek relief against the order;
> (2) the deportation proceedings at which the order was issued improperly deprived the alien of the opportunity for judicial review; and
> (3) the entry of the order was fundamentally unfair.

8 U.S.C. § 1326(d). The district court here assumed, without deciding, that Mendez-Maldonado satisfied the first two conditions, but concluded that he failed satisfy the third. We agree.

2

To demonstrate fundamental unfairness under § 1326(d)(3), an alien must establish "both a fundamental procedural error and prejudice resulting from that error. In order to show prejudice, he must show that, absent the procedural errors, he would not have been removed." United States v. Fernandez-Antonia, 278 F.3d at 159. Mendez-Maldonado contends that he carried this burden because, but for procedural errors in his 2001 removal, he could have obtained a waiver of inadmissibility pursuant to § 212(h) of the Immigration and Nationality Act, codified at 8 U.S.C. § 1182(h).

The argument fails for two reasons. First, Mendez-Maldonado was removed pursuant to expedited administrative proceedings, making him ineligible for the discretionary relief that he claims he was denied a chance to obtain. See id. § 1228 (providing for expedited removal of aliens who are not lawful permanent residents of the United States and who have been convicted of aggravated felonies); id. § 1228(b)(5) ("No alien described in this section shall be eligible for any relief from removal that the Attorney General may grant in the Attorney General's discretion."); Jankowski-Burczyk v. I.N.S., 291 F.3d 172, 179 (2d Cir. 2002) (noting that alien removed pursuant to § 1228 "is categorically barred from receiving any form of discretionary relief—including relief under § 212(h)" (emphasis added)).[1]

---

[1] At oral argument, Mendez-Maldonado suggested that absent the alleged procedural errors, the Attorney General might have transferred him from proceedings under § 1228 to proceedings under § 1229, thus enabling him to seek § 212(h) relief. Even assuming the validity of this argument, Mendez-Maldonado's position that he would have obtained § 212(h) relief fails for the reasons discussed below in the text.

Second, even if Mendez-Maldonado were eligible for § 212(h) relief, he has failed to demonstrate that his inadmissibility would have been waived based on "extreme hardship" to his mother, 8 U.S.C. § 1182(h)(1)(B), let alone the "outstanding offsetting inequities" that were required when such relief was sought by an alien whose removal was based on conviction for a serious crime, Samuels v. Chertoff, 550 F.3d 252, 259 (2d Cir. 2008). In urging otherwise, Mendez-Maldonado submits that, after his removal, his mother abused alcohol to deal with his absence. Notably, these circumstances were reported only by Mendez-Maldonado's brother; his mother chose not to submit an affidavit. The severing of family ties in situations where family members have endured prolonged, traumatic abuse may present exceptional hardship so as to warrant relief from removal in certain instances, but documentation of such victimization—absent here—is required.

Nevertheless, even if we assume that years of spousal abuse made her more emotionally dependent on Mendez-Maldonado than might otherwise have been the case, such circumstances do not present the sort of exceptional hardship that would warrant relief from removal for an alien convicted of an aggravated felony.

Because Mendez-Maldonado cannot show fundamental unfairness in his 2001 deportation, see 8 U.S.C. § 1326(d), we identify no error in the district court's denial of his motion to dismiss the indictment charging him with illegal reentry. The judgment of the district court is hereby AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

4